CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
MAY 03 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| POLLY H. PENA, | ) | CASE NO. 4:06CV00045 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security[1], | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's December 9, 2004 protectively filed claims for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff was thirty-seven years old on her

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for the Commissioner of Social Security as the defendant.

alleged disability onset date, January 15, 1997; had at least a high school education; was insured through September 30, 2002; had past relevant work as a fast food worker and a certified nursing assistant (CNA); and had not engaged in substantial gainful activity since her alleged disability onset date[2]. (R. 14, 21-22, 26.) The Law Judge found that plaintiff has a mild to moderately severe speech impairment. (R. 16.) The Law Judge further found that she has mild mental retardation, which is a severe impairment, though not severe enough to meet or equal any listed impairment. (R. 16-17.) The Law Judge was of the view that plaintiff's medically determinable impairment could reasonably be expected to produce the alleged symptoms, and her statements concerning the intensity, duration and limiting effects of these symptoms were "largely credible." (R. 18.) The Law Judge found that plaintiff had the residual functional capacity to perform work except that she has an IQ measured at 62 and 65; she has no difficulty with simple, repetitive tasks; she has moderate difficulty with detailed or complex tasks and requires supervision for these tasks, yet she has no difficulty accepting supervision or instruction; she can relate to coworkers and the public without difficulty; she can maintain normal workplace attendance; she can complete a normal workday; she can work consistently over time; and she has a mild to moderately severe speech impairment, but one can understand 99% of what she says. (R. 17.) The Law Judge found that plaintiff could perform her past relevant work as a fast food worker[3] and that other jobs existed in significant numbers in the national economy that she could

---

[2]The Law Judge noted that plaintiff had worked part-time after her disability onset date. (R. 16.) However, he determined that it did not constitute substantial gainful activity. (*Id.*) The Law Judge found that her part-time work was evidence of her work-related capacities. (*Id.*)

[3]In finding that plaintiff could not perform her PRW as a CNA, the Law Judge referred to the VE's opinion that plaintiff's RFC precluded her from performing her PRW as a CNA. (R. 21.)

2

perform.[4] (R. 21-22.) Thus, the Law Judge ultimately found that she was not disabled under the Act. (R. 23.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons she advanced on appeal, to review the Law Judge's decision. (R. 6-8.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The Regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

At the outset, the undersigned notes that during the March 8, 2006 hearing before the Law Judge, plaintiff's counsel informed the Law Judge that plaintiff had been working part-time for a significant period of time in the school cafeteria, and as such, she had no interest in filing the claims for disability, disability insurance benefits, and supplemental security income. (R. 185.) Plaintiff's counsel further informed the court that plaintiff did not want to attend the hearing and

---

[4]The Law Judge determined that plaintiff could work as a material handler, a hand packer, a maid, and a production inspector. (R. 22.)

3

was not there "on her own behalf," but rather, she attended at the behest of her parents. (R. 185-186.)

In the "Memorandum Of Point And Authorities" filed in support of her motion for summary judgment[5], plaintiff initially claims that the Law Judge erred in finding her speech impediment was not a severe impairment. (Plaintiff's Brief, pp. 19-22.) At step two in the sequential evaluation, the claimant bears the burden of showing that an impairment is severe. *See Barnhart v. Thomas*, 124 S.Ct. 376, 379 (2003). A severe impairment is an impairment or combination of impairments which limits a claimant's ability to engage in basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Plaintiff has not met her burden of showing that her speech impediment significantly limits her ability to engage in basic work activities.

In support of her argument, plaintiff points to an evaluation requested by her counsel with Blanche Williams, Ph.D. (R. 153-161.) On July 27, 2005, Dr. Williams evaluated plaintiff and opined that her speech impediment is a "significant, substantiating phonological disorder of disabling proportions." (R. 158.) This is the *only* evidence in the record which suggests that plaintiff's speech impairment impacts her ability to engage in basic work activities. Moreover, Dr. Williams' opinion is not supported by and is inconsistent with the other evidence of record.

For instance, medical records from plaintiff's family nurse practitioner, Judith Anderson, are inconsistent with Dr. Williams' opinions.[6] (R. 163-168.) In Anderson's medical record

---

[5]Plaintiff's "Memorandum" has arguments labeled in the following order: A, B, E, D, and H. (Pl's Brief, pp. 19-28.)

[6]A nurse practitioner is qualified to give an opinion regarding the severity of an impairment and the extent to which it impacts a claimant's ability to work. *See* 20 C.F.R. §§ 404.1513(d)(1). Notably, Anderson was seen by plaintiff independent of any disability application.

4

dated February 15, 2006, Anderson's only record specifically addressing plaintiff's ability to communicate, she opined that plaintiff *"communicates well."* (R. 163(emphasis added).)

Also, the findings from the other psychological expert who evaluated plaintiff for purposes of her disability claim are inconsistent with Dr. Williams' opinions. On April 11, 2005, Dana R. Blackmer, Ph.D. performed a Mental Status Examination and intellectual testing on plaintiff. (R. 131-135.) Dr. Blackmer concluded that although plaintiff's speech was *"somewhat impaired,"* she "did not have much difficulty understanding her." (R. 132 (emphasis added).) Moreover, the two record reviewing physicians, David Niemeier, Ph.D. and William Hirschman, Ph.D. both agreed with Dr. Blackmer's findings and concluded that plaintiff's speech was only "somewhat impaired." (R. 136-151.)

Plaintiff's employment record is also inconsistent with Dr. Williams' opinion that plaintiff's speech impediment impacts her ability to perform basic work activities. For instance, plaintiff's employment record reveals that she has been working part time at the school cafeteria on a consistent basis[7] for *seven years*. (R. 103, 134, 192.) Also, plaintiff was trained for and received her certification as a CNA, and she worked as a CNA from 1983 through 1992.[8] (R. 189.) Finally, plaintiff maintained a position at Wendy's from 1992 through 1996. (R. 103, 128.)

Additionally, plaintiff's activities of daily living are inconsistent with Dr. Williams'

---

[7]Plaintiff reported working *every day* in December 2006. (R. 188.)

[8]Plaintiff testified that her only problem with working as a CNA was her ability to take blood pressure and pulse. (R. 193.) Plaintiff did not suggest that her speech impairment impacted her ability to work as a CNA, and the record reveals that she worked in this capacity from 1983-1992. (R. 189, 192-193.)

5

opinion. For example, plaintiff is the primary caretaker for three small children and is "independent with all basic activities of daily living." (R. 19, 155, 187.)

Finally, the Law Judge found that during plaintiff's testimony at the March 8, 2006 hearing, her speech was "effective," and he was able to "understand 99 percent" of what she said. (R. 17, 203-204.) Therefore, the undersigned finds that plaintiff has failed to meet her burden of showing that her speech impediment was a severe impairment, and the Law Judge's determination that it was not severe is supported by substantial evidence.

Moreover, contrary to plaintiff's argument that the Law Judge failed to properly consider her speech impediment when rendering his decision, the Law Judge properly addressed plaintiff's speech impediment at the other steps of the sequential evaluation. *See Large v. Barnhart*, 2006 WL 36751, *6 (W.D.Va. 2006) (holding that the Law Judge must consider any limitations and restrictions imposed by all of the claimant's impairments, even those that are not severe). The Law Judge's RFC finding provides that plaintiff "has a mild to moderately severe speech impairment but one can understand about 99 percent of what she says." (R. 17.) Additionally, this RFC finding was included in the hypothetical presented to the VE. (R. 203-204.)

Next, plaintiff argues that the Law Judge erred in failing to consider whether she is disabled under 12.05C. (Pl's Brief, pp. 22-24.) In order to meet Listing 12.05C, a claimant must show (1) a valid verbal, performance, or full scale IQ of 60 through 70, and (2) a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C; *Steele v. Barnhart*, 2007 WL 151224, *3 (W.D. Va. 2007). The evidence is undisputed that plaintiff has met the first prong with two IQ tests ranging between 60 and 70. (R. 133, 157.) However, the parties dispute whether

6

plaintiff's speech impediment is an additional significant work-related limitation of function. (Pl's Brief p. 23; Defendant's Brief, p. 10.) Plaintiff argues that the evidence is "uncontroverted" that her speech impairment imposes an additional and significant work-related limitation of function. (Plaintiff's Brief, p. 23.) The undersigned disagrees. For the numerous reasons stated above, there is substantial evidence to support the Law Judge's finding that plaintiff's speech impairment does not impose an additional and significant work-related limitation of function under 12.05C.

Plaintiff also contends that the Law Judge erred in finding that her past relevant work included that of a fast food worker, because her jobs as a fast food worker were not substantial and gainful employment. (Pl's Brief, pp. 25-27.) Specifically, plaintiff argues that she worked only part-time in these positions, she was fired from each of these jobs, and she did not work for any significant period of time in any of these positions. (Pl's Brief, p. 27.) The Commissioner's regulations provide that past relevant work is "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1).

Plaintiff alleges that "[w]hen you look at [my] work history, it shows no significant length of time of work in any fast food establishment" and was performed only on a "part-time status." (Pl's Brief, p. 27.) However, the record reveals that plaintiff worked at Wendy's from 1992 through 1996, clearly a "significant length of time." (R. 103, 128.) Plaintiff's counsel further has conceded, and the VE determined, that her work at Wendy's and McDonald's,

7

although not forty hours a week, *was full-time work.*[9] (R. 193-194.) Finally, even if the Law Judge erred in finding that plaintiff's positions as a fast food worker constituted past relevant work, the error was harmless in that the VE opined that there were other jobs available to a person with plaintiff's RFC.[10] (R. 205.) Thus, the undersigned finds that the Law Judge did not err in determining that plaintiff's work as a fast food worker constituted past relevant work.

Finally, plaintiff argues that when the VE was asked to consider all of the limitations which should have been included in her RFC, he opined there were no jobs available to such a person. (Pl's Brief, pp. 24-25, 27-28.) The Law Judge is only required to include in his hypothetical questions those limitations which are supported by the evidence of record. *See Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989).

The first hypothetical presented to the VE included the RFC offered by Dr. Blackmer, upon which the VE concluded not only that plaintiff could perform her past relevant work as a fast food worker, but that other jobs were available to her as well. (R. 203-206.) The second hypothetical included the RFC as found by Dr. Williams. (R. 206-207.) The hypothetical specifically provided that plaintiff's functional capacity in the following areas is "poor": the ability to relate to co-workers, the ability to deal with the public; the ability to interact with supervisors; the ability to deal with work stresses; the ability to function independently, the ability to maintain attention/concentration; the ability to understand, remember, and carry out

---

[9] The regulations provide that even part-time work can constitute substantial gainful activity. *See* 20 C.F.R. §§ 404.1572(a), 416.972(a).

[10] The VE testified that plaintiff could work as a materials handler and mover, a hand packer, a maid, and a production inspector. (R. 205.)

8

detailed but not complex job instructions; the ability to behave in an emotionally stable manner; and the ability to relate predictably in social situations. (R. 206.) When the VE was asked whether jobs would be available to such a person, he responded:

> We have an aggregate, a high number of aggregate poor's there and the significant ones are working with coworkers, working in the public, working independently. I'm sorry, supervision, independent work, concentration and attention is poor and stability, emotional stability is poor. I would say no.

(R. 206-207.)

The Law Judge gave "great weight" to Dr. Blackmer's findings rather than those of Dr. Williams after determining that they were more consistent with plaintiff's activities of daily living and part-time cafeteria work over the past seven years. (R. 21.) The undersigned finds that the Law Judge's decision to give Dr. Blackmer's findings "great weight" and Dr. Williams' findings "somewhat lesser weight" is supported by substantial evidence. (*Id.*)

Dr. Williams' opinion that plaintiff's functional capacity in many respects is "poor" conflicts with the other evidence in the record. Most significantly, the record shows that plaintiff has maintained employment for the past *seven years at the same job* as a cafeteria worker. (R. 103, 134, 192.) Plaintiff also maintained a position at Wendy's for four years and worked as a CNA for no less than eight years. (R. 103, 128, 189.) Furthermore, plaintiff is the primary caretaker for three young children and runs the household while her husband works almost every day. (R. 155, 187.) Thus, the undersigned finds that the hypothetical question challenged here included all of the limitations supported by the record, and as such, was not legally inadequate under *Walker*.

For these reasons, it is RECOMMENDED that an order enter AFFIRMING the
9

Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

5-03-07
Date